WABASH RAILROAD CO. *v.* COMMISSIONER OF RAILROADS.

RAILROADS—INTERLOCKING SWITCH AND SIGNAL SYSTEM AT CROSSINGS—DIVISION OF EXPENSES.

3 How. Stat. § 3301, authorizes the railroad commissioner to require railroad companies to maintain flagmen or gates at crossings of other roads, and provides that the expense thereof shall be borne jointly, in equal proportions, by the two companies. Section 3310, added as an amendment to the same statute, gives like authority with respect to the interlocking switch and signal system, but makes no provision for the apportionment of the expense between the companies. *Held*, that the sections are *in pari materia*, and hence the expense of the interlocking system, when ordered by the commissioner, is to be shared equally by the companies involved.

*Mandamus* by the Wabash Railroad Company to compel Chase S. Osborn, commissioner of railroads, to vacate an order apportioning between relator and another railroad the expense of an interlocking switch. Submitted June 6, 1899. Writ granted July 11, 1899.

*Edward A. Gott*, for relator.

*Horace M. Oren*, Attorney General, for respondent.

MONTGOMERY, J.   The line of the relator's road is intersected at Britton, Lenawee county, by the Cincinnati Northern Railway.   On the 6th day of April, 1899, the respondent, acting under authority of section 3310, 3 How. Stat., made an order that the two roads construct and maintain an interlocking switch and signal service, and that the expense should be borne three-fourths by the relator and one-fourth by the Cincinnati Northern.   This is an application for *mandamus* to require respondent to vacate this order, and enter an order requiring the two companies to bear the expense in equal parts.

Section 3301, 3 How. Stat., is a portion of the act to provide for the appointment of a commissioner of railroads, and define his powers and duties and fix his compensation.   This section authorizes the commissioner to require railroad companies to station flagmen at crossings, or maintain gates, and further provides that, when this is done, the expense thereof shall be borne jointly, in equal proportions, by the two companies.   By a subsequent amendment, section 3310, 3 How. Stat., was added to the act providing for a commissioner of railroads, etc., and, as it now stands, reads as follows:

" Authority is hereby given to said commissioner, and it shall be his duty, if he shall deem it practicable, to prescribe the use of the interlocking switch and signal system, or some other system that will secure equal safety of the operation of trains of cars, at all crossings and junctions of railroads in this State."

It will be observed that, unless the two sections (3301 and 3310) are to be read together, there is no limitation placed upon the authority of the commissioner as to fixing the proportion of the expense to be borne by each company.   The attorney general contends that section 3310 is to be construed independently, and that the commissioner is authorized to fix the proportion in his discretion.   It will be seen, however, that no such power is expressly given by this section; nor does this section, in terms, give authority to require the railroads to bear the expense at

all, although it is clear enough that this was expected. The two sections are *in pari materia.* Both relate to provisions for safety at crossings, and should be construed together. Thus construed, the first section fixes the proportion to be borne by each company.

The writ must issue.

The other Justices concurred.